```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JESUS REINA-LEON,

      Plaintiff,

v.                               Case No. 8:18-cv-2262-T-33AEP

HOME DEPOT U.S.A. INC.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Home Depot U.S.A. Inc.'s Motion to Dismiss for Fraud on the Court (Doc. # 25), filed on March 12, 2019. Plaintiff Jesus Reina-Leon responded on March 26, 2019. (Doc. # 30). For the reasons that follow, the Motion is denied.

**I.  Background**

Reina-Leon initiated this slip-and-fall action against Home Depot in state court on August 8, 2018. (Doc. # 2). Home Depot removed the case to this Court on September 12, 2018. (Doc. # 1). In the Complaint, Reina-Leon asserts a claim for negligence against Home Depot based on a fall he suffered at a Home Depot store on September 25, 2016. (Doc. # 2 at 1-2). Allegedly as a result of the accident, Reina-Leon suffered injuries, including damage to his right shoulder/rotator

1

cuff. (Id.; Doc. # 25-3 at 3). The case has proceeded through discovery, including the exchange of answers to interrogatories and the taking of Reina-Leon's deposition.

Now, Home Depot moves for dismissal of the case, arguing Reina-Leon committed a fraud on the Court. (Doc. # 25). Home Depot alleges that Reina-Leon lied in his answers to interrogatories and deposition about previous injuries to his right shoulder and failed to disclose relevant medical records. (Id. at 3).

First, Home Depot explains that it served interrogatories on Reina-Leon, requesting Reina-Leon

> [l]ist the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated **in the past 10 years**; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

(Doc. # 25-2 at 9)(emphasis added). In response, Reina-Leon disclosed two medical providers, St. Joseph's Hospital and Sanitas Medical Center, but stated that he did not recall the dates or reasons for treatment. (Doc. # 25-3 at 4).

But Home Depot was able to subpoena additional medical records from Reina-Leon's previous counsel who represented him in unrelated actions. These include records from 2003 and 2004 related to a 2003 car accident; records from 2005 related

2

to a 2005 car accident; and from August 2016 at Florida Hospital Carrollwood related to an earlier trip and fall at Reina-Leon's home. (Doc. # 25 at 2-3; Doc. # 25-4; Doc. # 25-5; Doc. # 25-6; Doc. # 25-7; Doc. # 25-8). The records related to the 2003 accident stated that Reina-Leon suffered damage to his right shoulder and rotator cuff, and advised that Reina-Leon might require surgery in the future. (Doc. # 25-4; Doc. # 25-5; Doc. # 25-6). The records related to the 2005 accident show that Reina-Leon was experiencing moderate "sharp" pain in his right shoulder as a result of that accident. (Doc. # 25-7 at 2-3). The records related to the August 2016 trip and fall show that Reina-Leon went to the emergency room complaining of "moderate" "right shoulder pain." (Doc. # 25-8 at 2).

Additionally, Home Depot maintains that Reina-Leon lied during his deposition about the previous damage to his right shoulder. During the deposition, the following exchange occurred:

> Q: Prior to this accident, have you ever had complaints of right shoulder pain or issues with your right shoulder?
>
> A: No.

(Doc. # 26 at 39:25-40:3).

But earlier in that deposition, Reina-Leon had volunteered that he had suffered injuries to his shoulder blades as a result of his 2003 car accident and a work accident for which he sought workers' compensation. (Id. at 12:6-14:9). And, after Reina-Leon's alleged lie that he had not had shoulder pain in the past, Home Depot asked about the additional medical records during the deposition. (Id. at 40:4-47:22). Reina-Leon answered questions about those records and prior injuries; he did not deny having experienced shoulder pain as a result of the prior accidents. (Id.). He said that he had trouble remembering the 2003 and 2005 injuries and accompanying medical treatment because "like fourteen years have gone by." (Id. at 46:2-47:6).

Reina-Leon has responded in opposition to the Motion (Doc. # 30), and the Motion is ripe for review.

**II. Discussion**

The Court construes Home Depot's Motion as a motion for sanctions because Home Depot alleges that the case should be dismissed because of a supposed fraud on the Court.

"Federal courts derive their power to sanction any attorney, law firm, or party from three primary sources: Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the inherent power of the court." Stonecreek - AAA, LLC

v. Wells Fargo Bank N.A., No. 1:12-CV-23850, 2014 WL 12514900, at *1 (S.D. Fla. May 13, 2014)(citing Chambers v. NASCO, Inc., 501 U.S. 32, 41 (1991)). "Invocation of the Court's inherent power requires a finding of bad faith." Island Stone Int'l Ltd. v. Island Stone India Private Ltd., No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *11 (M.D. Fla. Apr. 4, 2017), report and recommendation adopted, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1426664 (M.D. Fla. Apr. 21, 2017). "In determining whether sanctions are appropriate under the bad faith standard, the court focuses on the conduct and motive of a party, rather than on the validity of the case." Id.

"'[A]cts which degrade the judicial system,' including 'attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court,' . . . are sanctioned through the court's inherent power." Stonecreek — AAA, 2014 WL 12514900, at *1 (quoting Chambers, 501 U.S. at 32, 42). "A court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 44 (citing Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946)). "The Court's inherent power permits a broad spectrum of sanctions that include striking frivolous pleadings and defenses, imposing attorney's fees and costs, and outright dismissal of

5

a lawsuit." Stonecreek – AAA, 2014 WL 12514900, at *2 (citing Allapattah Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1372-73 (S.D. Fla. 2005)).

"Because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. "[A] dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005)(citation and internal quotation marks omitted).

"A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989); see also Gupta v. Walt Disney World Co., 482 F. App'x 458, 459 (11th Cir. 2012)("[C]lear and convincing evidence of egregious conduct

[is] required to establish fraud on the court."). "[S]anctions for fraud are reserved for the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." Island Stone Int'l Ltd., 2017 WL 1437464, at *11.

Furthermore, "a fraud between parties is not a fraud on the court" such "that an attorney's failure to disclose information that may have been helpful to the defense [is] not fraud on the court." Patterson v. Lew, 265 F. App'x 767, 769 (11th Cir. 2008). The Eleventh Circuit has "even declared . . . that perjury does not constitute fraud on the court." Id.; see also Idearc Media Corp. v. Kimsey & Assocs., P.A., No. 8:07-cv-1024-T-17EAJ, 2009 WL 928556, at *5 (M.D. Fla. Mar. 31, 2009)("Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. . . . Fraud on the court is therefore limited to more egregious forms of subversion of the legal process . . . those we cannot necessarily expect to be exposed by the normal adversary process." (quoting Great Coastal Express v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen, 675 F.2d 1349, 1357 (4th Cir. 1982))).

Home Depot has not shown a fraud on the Court by clear and convincing evidence so as to warrant the sanction of dismissal. First, regarding the medical records that were not disclosed, Reina-Leon correctly points out that the majority of these records were over ten years old. (Doc. # 30 at 2). Yet, Home Depot only requested medical records from the last ten years, meaning that the 2003, 2004, and 2005 records did not fall within the scope of the interrogatory. (Doc. # 25-2 at 9).

Thus, the only medical records within the relevant ten-year time-frame that Reina-Leon failed to disclose are the August 2016 hospital records. (Doc. # 25-8). Importantly, Reina-Leon fails to provide an explanation in his response for why he did not disclose his August 2016 fall and accompanying medical treatment in his answers to interrogatories. Still, the failure to turn over records for one injury is far less egregious than Home Depot's allegation that Reina-Leon failed to turn over multiple records related to multiple different injuries.

Regarding Reina-Leon's denial of having suffered past shoulder pain during his deposition, Reina-Leon emphasizes that he openly acknowledged the authenticity of the medical records once Home Depot presented them to him during the

8

deposition. (Doc. # 30 at 2; Doc. # 26 at 40:4-47:22). Additionally, Reina-Leon highlights his deposition testimony that he had difficulty remembering the 2003 and 2005 injuries and related medical treatment because those injuries had occurred nearly fourteen years beforehand. (Doc. # 30 at 2; Doc. # 26 at 46:2-47:6).

While the Court finds it plausible that Reina-Leon forgot the injuries to his shoulder from 2003 and 2005, it is far less plausible that Reina-Leon forgot his trip and fall in August 2016 — one month before the trip and fall at Home Depot. Indeed, Reina-Leon provides no explanation in his response for why he denied suffering right shoulder pain during his deposition despite having been treated for right shoulder pain in August 2016. Thus, it appears to the Court that Reina-Leon was untruthful during his deposition at least about the August 2016 injury to his shoulder.

The Court is troubled by Reina-Leon's failure to disclose the August 2016 medical records and his false statement during his deposition. However, his failure to turn over the August 2016 medical records and to disclose the right shoulder pain during his deposition does not warrant dismissal of this action. See Byrne v. Nezhat, 261 F.3d 1075, 1125 (11th Cir. 2001)(stating that "false statements alone do

not indicate bad faith" by a party to warrant sanctions under the court's inherent power), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011).

The Court is not convinced that Reina-Leon's misstatement and failure to disclose the records were the product of a deliberate and unconscionable scheme designed to improperly influence the Court. See Tarasewicz v. Royal Caribbean Cruises Ltd., No. 14-CIV-60885, 2016 WL 3944176, at *5 (S.D. Fla. Feb. 9, 2016)("While some of these discrepancies are more serious than others, Defendants have not provided clear and convincing evidence that these discrepancies are the product of a deliberate and unconscionable scheme designed to improperly influence the court."), report and recommendation adopted, No. 14-CIV-60885, 2016 WL 3944178 (S.D. Fla. Mar. 17, 2016); Bender v. Tropic Star Seafood, Inc., No. 4:07-CV-438-SPM, 2008 WL 4097602, at *3 (N.D. Fla. Sept. 3, 2008)(finding that plaintiff's inconsistent and contradictory statements did not constitute clear and convincing evidence of fraud on the court). Notably, before Reina-Leon's false statement during the deposition that he had never suffered right shoulder pain, Reina-Leon volunteered that he had suffered injuries to his shoulder

10

blades during the 2003 car accident and a workplace accident. (Doc. # 26 at 12:6-14:9). This type of inconsistent testimony — while suspicious — does not establish that Reina-Leon engaged in a concerted plan to deceive this Court about his past right shoulder injuries.

While the Court will not sanction Reina-Leon, Reina-Leon's seemingly self-serving memory lapses will provide Home Dept ample opportunity for impeachment at trial. See Geiger v. Carnival Corp., No. 16-24753-CV, 2017 WL 9362844, at *7 (S.D. Fla. Oct. 4, 2017), report and recommendation adopted, No. 16-24753-CIV, 2017 WL 9362843 (S.D. Fla. Oct. 31, 2017)("In the case of discrepancy between a party's discovery responses and evidence attained by the opposing party, in the absence of a 'clear showing of egregious conduct . . . allegations of inconsistency, non-disclosure, even falseness, can be brought to the jury's attention through cross-examination or impeachment.'").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Home Depot U.S.A. Inc.'s Motion to Dismiss for Fraud on the Court (Doc. # 25) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 10th day of April, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE