UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS REINA-LEON,

    Plaintiff,

v.                              Case No. 8:18-cv-2262-T-33AEP

HOME DEPOT U.S.A. INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Home Depot U.S.A. Inc.'s Motion for Final Summary Judgment (Doc. # 24), filed on March 12, 2019. Plaintiff Jesus Reina-Leon responded on March 26, 2019. (Doc. # 29). For the reasons that follow, the Motion is denied.

**I.**    **Background**

Reina-Leon initiated this slip-and-fall action against Home Depot in state court on August 8, 2018. (Doc. # 2). Home Depot removed the case to this Court on September 12, 2018. (Doc. # 1). In the Complaint, Reina-Leon asserts a claim for negligence against Home Depot based on a fall he suffered at a Home Depot store on September 25, 2016. (Doc. # 2 at 1-2).

Reina-Leon's fall occurred because he "tripped on [a] grape[]" inside a Home Depot store. (Doc. # 24-2 at 2).

1

Specifically, Reina-Leon testified that he had been in the store for about five minutes before he fell in the plumbing aisle. (Doc. # 26 at 15:11-13, 16:8-19). Reina-Leon had not seen the grape before he slipped on it. (Id. at 19:20-22). Reina-Leon did not know where the grape came from and acknowledged that Home Depot does not sell grapes. (Id. at 27:8-13).

Reina-Leon also acknowledged that he did not know how long the grape had been on the floor. (Id. at 21:18-20, 27:14-16). But, after he fell, Reina-Leon saw the grape he tripped on and described it as a "brown caramel color," "dry like it had been there for a while," "dirty," and "crusted." (Id. at 16:24-25; 19:23-20:5; 21:10-17). Reina-Leon also later saw another grape on the floor nearby that was "dry" and "shriveled." (Id. at 26:14-27:7). And Reina-Leon testified that the Home Deport store's floor was "really dirty" and packaging for elbow pipes was littered on the aisle's floor. (Id. at 19:23-20:21; 21:12-13; 22:7-19).

Home Depot moved for summary judgment on March 12, 2019. (Doc. # 24). Reina-Leon has responded. (Doc. # 29). Home Depot filed no reply, and the time for filing a reply has expired. The Motion is ripe for review.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the Court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

## III. Analysis

Home Depot argues that summary judgment is appropriate because "there is no evidence of actual notice to Home Depot of the alleged dangerous condition" and "there is no circumstantial evidence tending to show constructive notice either." (Doc. # 24 at 4).

"A cause of action based on negligence comprises four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) actual loss or damage." Mangano v. Garden Fresh Rest. Corp., No. 2:15-cv-477-FtM-99MRM, 2019 WL 175277, at *2 (M.D. Fla. Jan. 11, 2019)(citing Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)).

Important to the second element of a negligence claim, Section 768.0755, Florida Statutes, provides that:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

>    (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1). "Florida courts have held that under the current version of the statute, proof of actual or constructive knowledge is a necessary element of a slip and fall claim." Mangano, 2019 WL 175277, at *3 (citing Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014)).

Here, neither Home Depot nor Reina-Leon has pointed to any evidence of actual knowledge of the grapes' presence in the store. The Court agrees with Home Depot that there is no genuine issue of material fact about Home Depot's actual knowledge. But the Court must also analyze whether there is sufficient evidence of constructive knowledge of the dangerous condition.

Again, Reina-Leon may prove constructive knowledge (1) by presenting circumstantial evidence showing that the condition existed for such a length of time that Home Depot should have known of the condition through its exercise of ordinary care, or (2) by showing that the unsafe condition occurred with such regularity that it was foreseeable. Fla. Stat. § 768.0755(1).

"Circumstantial evidence of the passage of time may include 'dirt, scuffing, or tracks in a substance.'" Pussinen v. Target Corp., 731 F. App'x 936, 937 (11th Cir. 2018)(quoting Woods v. Winn Dixie Stores, Inc., 621 So. 2d 710, 711 (Fla. 3rd DCA 1993)); see also Wal-Mart Stores, Inc. v. King, 592 So. 2d 705, 707 (Fla. 5th DCA 1991)(noting that circumstantial evidence of constructive knowledge includes "signs of age, such as skid marks, smudges, or the like"). "[T]he mere presence of [a substance] on the floor is not enough to establish constructive notice." Pussinen, 731 F. App'x at 937 (quoting Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3rd DCA 2011)).

Here, a reasonable jury could conclude that the grapes' shriveled condition establishes that they were lying on the floor for a long period. As another judge in this District has explained, "the condition of a substance left on a floor deteriorates over time; frozen foods melt, vegetables and fruits are smashed or become dirty and wilt, solid objects become scraped and scuffed, and liquids become soiled, smeared, and show track marks and footprints." Garcia v. Wal-Mart Stores E., L.P., No. 6:14-cv-255-Orl, 2015 WL 898582, at *3 (M.D. Fla. Mar. 3, 2015). For that reason, "[c]ircumstantial evidence of a substance's deterioration

allows the inference that enough time had passed for a business owner to have constructive knowledge of the substance." Id.

Reina-Leon testified in his deposition that the grape he slipped on looked old — it was a "brown caramel color," "dry like it had been there for a while," "dirty," and "crusted." (Doc. # 26 at 16:24-25; 19:23-20:5; 21:10-17). Additionally, after his fall, another grape was found near where Reina-Leon fell. This grape also showed signs of age — it was "dry" and "shriveled." (Id. at 26:14-27:7). Based on the sorry state of the grapes, a reasonable factfinder could draw the inference that the grapes had been lying in the aisle long enough for Home Depot to have constructive knowledge of their presence. See Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 329 (Fla. 2001)(finding that the aged condition of a banana "gave rise to a reasonable inference that the aging occurred on the floor" and "provide[d] circumstantial evidence of constructive notice"); Montgomery v. Fla. Jitney Jungle Stores, Inc., 281 So. 2d 302, 303-306 (Fla. 1973)(reinstating jury verdict for slip-and-fall plaintiff because constructive knowledge could be inferred from the "old, wilted and dirty looking" collard leaf).

Circumstantial evidence beyond the grapes' desiccation supports that the grapes had been in the aisle for a long time. Reina-Leon testified that the floor was "really dirty." (Doc. # 26 at 21:12-13; 22:7-16). He also testified that nylon packaging was lying on the floor. (Id. at 19:23-20:21; 22:7-19). The unkempt state of the aisle strengthens the inference that the grapes were left to age on the floor by Home Depot staff.

Considering the record, the Court concludes that Reina-Leon has provided sufficient evidence to support that Home Depot had constructive knowledge of the dangerous condition to survive summary judgment. Therefore, Home Depot's Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Home Depot U.S.A. Inc.'s Motion for Final Summary Judgment (Doc. # 24) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 18th day of April, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE